## HUTCHINS *v.* THE STATE.

BIGAMY.—INDICTMENT.—An indictment for bigamy need not aver the time and place of the first marriage, the person by whom it was solemnized, or the maiden name of the first wife.

APPEAL from the *Tippecanoe* Circuit Court.

FRAZER, J.—The indictment, which was for bigamy, alleged that the defendant, "on," &c., "at," &c., "did unlawfully, feloniously and knowingly, being married, marry again to one *Charlotte F.*, his former wife *Catherine H.*, *alias Elizabeth H.*, being then and there alive," &c.

It is objected that the indictment ought to have alleged the time and place of the first marriage, by whom it was solemnized, and the maiden name of the first wife. And so it is said are the forms, which are some evidence of what the law is. In *Vermont*, these allegations were held to be necessary. It was there said: "This is merely formal and of the least possible importance, but unless all form is to be disregarded, which we could not do without a statute to that effect, after having so long regarded it as essential, then this indictment is fatally defective." *State* v. *LaBore*, 26 Vt. 765. Undoubtedly there could be no reason, save that of form, for such particularity; and the *Vermont* case, which, so far as we are aware, is the only one where it is adjudged to be necessary, puts it upon that ground exclusively. But our statute dispenses with needless forms, and therefore makes this indictment sufficient. 2 G. & H., §§ 59, 60, p. 403. The absence of the averments alluded to cannot, it is very certain, "prejudice the substantial rights of the defendant upon the merits." It was adjudged in *North Carolina*, even in the absence of such a statute as ours, that it was not necessary to aver the time and place of the marriage. *State* v. *Bray*, 13 Iredell 289. Mr. WHARTON, in his Precedents, (2 Ed. 993,) gives a form drawn by the attorney general of *Pennsylvania*, in 1790, in which the existence of the first marriage is alleged almost

exactly as in the case before us. Indeed, as the first marriage is not criminal, but its existence a mere condition which makes the second marriage a crime, it is of itself a fact, and there is, as was admitted by the *Vermont* court, no substantial reason why the averment of it should ever have been required except in general terms.

The judgment is affirmed, with costs.

*J. M. La Rue*, for appellant.

*D. E. Williamson*, Attorney General, for the State.