# McConico v. The State.

### Indictment for Bigamy.

*Ordinance of November* 30, 1867, *relative to marriages between freedmen and freedwomen.* — Ordinance No. 23, adopted by the Convention on the 30th day of November, 1867, entitled, " An ordinance relative to marriages between freedmen and freedwomen " (the first section of which declares, " that all such freedmen and freedwomen, who may now be living together as man and wife, shall be regarded in law as man and wife "), only legalizes the relations existing between such persons as valid marriages, and does not apply to a marriage regularly solemnized in the summer of 1867, under a license from the probate judge ; and neither the second section of said ordinance (which declares, " that all prosecutions for bigamy, adultery, and fornication, instituted against any person or persons who have, by mutual consent, dissolved such connection, and afterwards married again, shall be null and void "), nor the Act of March 31, 1868, extending the provisions of said ordinance until the 13th day of July, 1869 (Session Acts, 1868, pp. 175, 527), authorizes the dissolution of such marriage by the mutual consent of the parties, or constitutes any defence to a prosecution for bigamy against one of the parties, who, on the 29th December, 1870, after separation by mutual consent, married another person.

FROM the Circuit Court of Wilcox.

Tried before the Hon. P. O. HARPER.

The indictment in this case was found at the October Term, 1871, of said Circuit Court, and charged that before the finding thereof, " Celia Stallworth, otherwise called Celia McConico, having a husband then living, unlawfully married one Edom Jenkins, against the peace," &c. " On the trial," as the bill of exceptions states, " the State proved that the defendant was married by one Mobley, then an acting justice of the peace for Wilcox County, after a license had been regularly issued from the probate judge of said county, some time in the summer of 1867, to one David Hartwell ; and that afterwards, while said David Hartwell was alive, she married one Edom Jenkins, which last marriage occurred on the 29th day of December, 1870, in Wilcox County. This was all the testimony offered on the part of the State. The defendant then introduced two witnesses, Crawford Johnson and Alex. Tate, who both testified that, in the month of February, 1869, the said Celia and the said David Hartwell mutually agreed to separate, and did then separate from each other as husband and wife, and that they never afterwards lived together. This, with proof of a good character, was all the testimony offered by the defendant. The court then charged the jury, that, if they believed the evidence before them, they must find the defendant guilty ; that the Ordinance No. 23, passed by the Convention of the State on the 30th day of November, 1867, had the effect to solemnize the marriage relation between all freedmen and freedwomen who were then living together as man and wife ; that the second section of said ordinance did not authorize persons who

were thus married, notwithstanding the act of the legislature approved on the 31st day of December, 1868, entitled ' An act to extend the provisions of Ordinance No. 23, passed on the 30th of November, 1867,' to dissolve such marriage relation by mutual consent; and that though said defendant and David Hartwell did mutually agree to dissolve their connection as husband and wife in February, 1869, and she afterwards, in 1870, married another man, she was not protected, either by the said ordinance, or by the said act extending its provisions, and the jury must convict her. To the whole of which charge, and to every sentence and part thereof, the defendant excepted."

R. GAILLARD, for the defendant.

BEN. GARDNER, Attorney General, *contra*.

PETERS, J. — This is a prosecution by indictment for bigamy. The defendant was found guilty in the court below, and sentenced to the penitentiary for two years. From this judgment and conviction she appeals, and here objects in error to the accuracy of the charges of the court below. The indictment is in the form prescribed by the Code (p. 810), and all the evidence adduced on the trial is set out in the bill of exceptions.

The offence of bigamy, in this State, is defined as follows : " If any person, having a former wife or husband living, marries another, or continues to cohabit with such second husband or wife, in this State, he or she must, on conviction, be imprisoned in the penitentiary, or sentenced to hard labor for the county, for not less than two nor more than five years." Revised Code, § 3599. There are some exceptions to this statute, but they do not affect this case, and they need not be noticed. Revised Code, § 3600.

The Ordinance of the Convention adopted on the 30th day of November, 1867, entitled " An ordinance relative to marriages between freedmen and freedwomen," by its first section declares, " That all such freedmen and women, who shall now be living together as man and wife, shall be regarded in law as man and wife; and that the children of such connection, whether they be black or of mixed color, shall be and are hereby declared to be, entitled to all the rights, benefits, and immunities of children of any other class under the laws of Alabama;" and the second section declares, " That all prosecutions for bigamy, adultery, and fornication, instituted against any person or persons who have, by mutual consent, dissolved such connection, and afterwards married another person, shall

be null and void." Session Acts of 1868, p. 175. The act of the General Assembly, afterwards passed on this subject, only continued this ordinance in force until the 13th day of July, 1869. Sess. Acts, 1868, p. 527.

It is very evident that this ordinance had only the effect to legalize the marriages existing between freedmen and freed-women before emancipation. It was not designed to dissolve, nor to permit these marriages to be dissolved by the parties themselves. The evidence in this case does not show that the defendant is a freedwoman, nor that her former or her second husband is of this class of our citizens. If they are not, then this ordinance does not in any wise apply to them. But I doubt not that this was the case; otherwise, the second part of the charge of the court below, construing this ordinance, would be without meaning. From the defence attempted to be set up by the defendant in the court below, doubtless she honestly believed that she was authorized by this ordinance to do what she has done. That the learned counsel who defends her act in this court was of the same opinion, is very strong ground on which to urge an interposition of the pardoning power of the executive; but it cannot excuse her, as a plea, before the judicial tribunals. That she was ignorant of the law, is insufficient as a defence to the indictment. 1 Bishop's Criminal Law, § 376. The evidence shows, also, that the marriage to Hartwell, which preceded that to Jenkins, for which the defendant is indicted, was not a marriage by cohab-itation and the force of the ordinance above quoted, but was a regular marriage, solemnized by a justice of the peace, under license from the probate judge of the county. Such a mar-riage can only be dissolved by divorce, or by the death of one of the parties, whatever may be their condition, color, or for-mer social and political *status*. Constitution of Ala. Art. IV. § 30; Revised Code, § 2351. The contract of marriage, in this State, is indissoluble by agreement of the parties, and can only be dissolved by divorce, for causes set down in the statute, or, possibly, for the exceptions named in section 3600 of the Revised Code, in favor of the parties charged with the offence of bigamy.

The judgment of the court below is affirmed, and its sen-tence will be carried into execution, unless, in the mean time, the defendant should be pardoned by the governor, if the facts be found such as to justify the executive interference.