## Faustre v. Commonwealth.

#### APPEAL FROM KENTON CRIMINAL COURT.

1. THE STATEMENT IN AN INDICTMENT AS TO THE TIME AT WHICH AN OFFENSE WAS COMMITTED is not material further than as a statement it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense.

2. INDICTMENT FOR BIGAMY.—It is immaterial in an indictment for bigamy at what particular date the first ·marriage is alleged to have occurred, if the accused had at time of second marriage a living wife to whom he had previously been married; and as that essential fact is in substance stated in the indictment in this case, no reason existed for arrest of the judgment, although the indictment alleged that the first marriage occurred "on the 19th day of September, 1891." and the second marriage, "on the —— day of September, 1891."

3. COMPETENCY OF FOREIGN RECORDS AS EVIDENCE.—To make a copy of a marriage register in another country competent evidence in the courts of this State, it must appear, not merely from the certificate of an officer, though he be the keeper of the record, that the marriage in question was registered in due form, according to the laws of that sovereignty, but that fact must be proved by distinct testimony.

Upon the trial of appellant for bigamy a record from the office of the Registrar General of the Province of Ontario in Canada was not competent evidence against the accused to prove the marriage therein mentioned, there being no proof other than the certificate of the officer that the marriage was registered in due form according to the laws of that sovereignty.

WEDEN O'NEAL FOR APPELLANT.

Brief not in record.

W. J. HENDRICK, ATTORNEY GENERAL.

The record from the office of the Inspector of Vital Statistics, certified to by the Consul of the United States for the District of Toronto and its dependencies, answers fully the requisition of the law. (Gen. Stats., chap. 37., sec. 15.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The offense of which appellant was convicted is bigamy charged in the indictment to have been committed

as follows:  " The said Albert E. Faustre, on the — day of September, 1891,  *  *  and before the finding of this indictment, did feloniously and unlawfully marry Minnie Knight, he then and there having a wife then living by the name of Caroline L. Faustre, to whom he, the said Albert E. Faustre, was lawfully married on the 19th of September, 1891, at Niagara Falls, in the Province of Ontario, Dominion of Canada, under the name of Albert E. Foster," etc.

1. Evidently the figures 1891 were, by mistake, used instead of 1881 to designate the date of the first alleged marriage, for it is not probable both occurred in September, 1891, or that it was intended to be so stated in the indictment.    But  section 129, Criminal Code, provides that the statement in the indictment as to the time at which an offense was committed is not material further than as a statement it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense.   It is likewise immaterial in an indictment for bigamy at what particular date the first marriage occurred, if the accused had at time of second marriage a living wife to whom he had been previously married.   And as that essential fact is in substance stated in the indictment in this case, no reason existed for arrest of the judgment and the motion was properly overruled.

2. On the trial the Commonwealth offered, and over-objection of the accused the court permitted read, in evidence, what purported to be a record of a certificate signed " H. S. Crews, Inspector of Vital Statistics," showing that there was in the returns of marriages made to the Registrar General of the Province of Ontario, by the

Registrar of the Municipality of Niagara Falls, in the county of Welland, for the year ending 31st day of December, 1881, and is now duly on record in the books of that department, an entry to the effect that Albert Edwin Foster and Caroline Louisa Eichenberger were married September 19, 1881, by Rev. James Gordon, by license. The further statement is made that the certificate is granted under section 23 of chapter 40, of the Revised Statutes of Ontario, 1887, entitled "an act respecting the registration of births, marriages and deaths." The certificate is dated at "Registrar General's office, Toronto, May 1, 1891," but no seal of office is affixed to it.

As part of the record is a certificate signed by the United States Consul at Toronto, Canada, with his seal of office attached, to the effect that H. S. Crews, whose signature is made to the preceding certificate, was, at the time, Inspector of Vital Statistics in the Province of Ontario, and that full faith and credit are due his official acts.

Whether the copy of the record in question was competent evidence to show the marriage therein mentioned, depends upon section 15, chapter 37, General Statutes, as follows: "A copy from the record-books of any court or of any register of births and marriages, or other instruments of writing, or a copy of any law or ordinance of any State, nation, province, colony, city or town out of the United States, if the same shall have been registered in due form, according to the laws of such sovereignty, certified and attested by the keeper of such record or register, and the attestation certified under his official seal by any consul, charge d'Affairs, or minister of the United States resident within the sovereignty where the record is kept, shall be evidence in this State."

Faustre v. Commonwealth.

According to the plain language of the statute, to make a copy of the register of the marriage of the accused in Canada competent evidence against him, it must appear not simply from the certificate of an officer, though he be keeper of the record, but proved by distinct testimony, that his marriage was registered in *due form according to the laws of that sovereignty*. No such proof was made in this case, and, consequently, to admit the record without, would be giving to it an effect that we do not know it would be even entitled to in Canada, where it is kept. As we think such proof is an indispensable condition of the competency of the record as evidence in this case, it was error to the prejudice of the accused to admit it to show the essential fact of such marriage. Nor does it make any difference that one witness testified on the trial that he was present at and witnessed the marriage of the accused in 1881 to Caroline E. Eichenberger. For, although such oral testimony as has been held by this court, would, without any record-evidence of the fact, have been competent to establish the fact of that marriage, the accused testified to the contrary, and circumstances were proved by another witness corroborative of his evidence. So that the probable, if not necessary effect of permitting the record mentioned to be read as evidence was to unduly strengthen and corroborate the testimony of the witness who swore he was present and saw the marriage take place, that might not have been otherwise regarded by the jury sufficient to overcome the contradictory testimony of the accused. As, therefore, the action of the court in admitting the illegal evidence did certainly tend to prejudice the substantial rights of the accused, and may have actually caused his conviction,

which would not have otherwise occurred, we are bound to treat it as a reversible error.

Wherefore the judgment is reversed for a new trial and other proceedings consistent with this opinion.