PABLO MEDRANO v. THE STATE.

*No. 182. Decided May 27.*

1. **Bigamy—Marriage under Duress.**—On a trial for bigamy, a defendant will not be permitted to plead, as a defense, that his second marriage was entered into under duress, in order to avoid conviction and punishment for seduction.

2. **Same—Mistake of Law no Defense.**—Where, on a trial for bigamy, the defense was, that defendant's first wife had deserted him for more than three years, and he was informed and believed that the first marriage had therefore become void, and that he was released from same, *held*, if mistake at all, this was a mistake of *law*, and could not be relied upon as a defense.

APPEAL from the District Court of Webb. Tried below before Hon. A. L. McLANE.

On a trial, under an indictment charging him with bigamy, appellant was convicted, and his punishment assessed at two years confinement in the penitentiary.

For the State, it was proved: That defendant was legally married to Margarito Rico, a woman, in 1889, in Webb County, Texas; that they separated in about three months after the marriage; that they have never been divorced, and that said wife is still living. That about the 9th day of January, 1893, defendant was married, in Webb County, Texas, by a duly qualified justice of the peace, by virtue of a license issued by the

clerk of the County Court of Webb County, Texas, to one Luz Corpus, a woman.

The State here rested.

For the defendant, it was proved: That about the 9th day of January, 1893, defendant was arrested upon a complaint charging him with the seduction of one Luz Corpus; that he was placed in jail, and afterwards taken before the justice of the peace; that his father accompanied him to the office of the justice; that deputy sheriff Magnon, not knowing that defendant had ever been married, told the father of defendant that he thought the charge would be dismissed if defendant married the girl charged to have been seduced, and said he would see the district attorney in regard to it; that he did so, and was told by the district attorney that the charge would be dismissed if defendant married the girl. That the deputy sheriff communicated this to defendant's father, who said that defendant would marry the woman Luz Corpus, and instructed the sheriff to procure the license. That defendant's father then told defendant that he had arranged for him to marry the girl; that defendant said he could not do so, as he was already married; that his father then told him that he must do so, as the first wife had no claims on him, not having lived with him for three years; that defendant then told his father to see the officers and tell them of his former marriage, and ask them if he could marry; that his father agreed to do so, and left him. That afterwards, defendant's father came to defendant, took him before the justice of the peace; and had the marriage ceremony performed; that after the marriage defendant said to him, "The officers said it was all right, did they?" To which his father replied, "I did not say anything to them about it, for I knew that the first wife did not treat you right, and had no claim on you." That on the next day defendant was arrested for bigamy, and placed in jail.

It is further proved, that defendant was an ignorant, but honest and industrious boy, and about 20 years of age, and had always borne a good reputation; that he did not understand, speak, read, or write the English language.

No briefs have come into the hands of the Reporter.

HURT, PRESIDING JUDGE.—Appellant was convicted of bigamy, and his punishment assessed at two years confinement in the penitentiary. He was under arrest for seduction, and being informed by his father and the district attorney that if he should marry the girl alleged to have been seduced, the prosecution would be dismissed, he married her, and having a living wife at the time, bigamy was alleged upon this second marriage. To this charge he interposed two defenses: First, that he was in duress

when he married the second time. He was not, because our statute expressly provides, that he may, under these circumstances, marry the girl alleged to have been seduced. Second defense is, that as the first wife had deserted him for more than three years, he was informed and believed the first marriage had become void, and that he was released from same. If a mistake at all, this was a mistake of law, and could not be relied upon as a defense.

There is no error apparent of record, and the judgment is affirmed.

*Affirmed.*

SIMKINS, J., concurs. DAVIDSON, J., absent.