[Crim. No. 663.  Department One.—November 13, 1900.]

THE PEOPLE, Respondent, v. HIERONYMUS HARTMAN, Appellant.

Jury—Challenge to Panel—Bias of Sheriff—Appeal.—Upon a challenge to the panel of trial jurors, on the ground that the sheriff who summoned them was biased, the condition of mind of that officer is a question of fact for the trial court, and the denial of the challenge will not be reviewed on appeal when the evidence as to his mental condition is conflicting.

CRIMINAL LAW—BIGAMY—GENERAL REPUTE OF MARRIAGE.—Under section 1106 of the Penal Code, in a prosecution for bigamy, general repute of marriage is admissible in evidence as a circumstance tending to show the fact of marriage.

ID.—BELIEF OF INVALIDITY OF FIRST MARRIAGE—INSTRUCTIONS.—In such a prosecution, in which the second marriage is admitted, and the defendant fully knew what he was doing when he entered into it, the fact that at that time he honestly believed that he had not been married to the woman who was then his wife does not authorize his acquittal, and a requested instruction to that effect is properly refused. Under such circumstances, it was the act of marrying the second time that constituted the crime.

ID.—SUFFICIENCY OF EVIDENCE OF BIGAMY.—In a prosecution for bigamy, evidence tending to show cohabitation between the defendant and woman for a great many years, undivided general repute of their marriage, admissions by the defendant of marriage, and some direct evidence tending to show the performance of an actual marriage ceremony, is sufficient to support a finding of fact that the marriage relation did exist between them.

ID.—ABSTRACT INSTRUCTION—PRIOR COHABITATION.—While, as an abstract proposition of law, evidence of the cohabitation of the defendant with another woman, prior to his alleged second marriage is not sufficient, in a prosecution for bigamy, to warrant the jury in finding that the defendant was ever married to such woman, the refusal of the court to so instruct is not error, when there is much other evidence tending to show the marriage.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order refusing a new trial. John L. Campbell, Judge.

The facts are stated in the opinion of the court.

Byron Waters, for Appellant.

Tirey L. Ford, Attorney General, and Henry A. Melvin, Deputy Attorney General, for Respondent.

GAROUTTE, J.—Defendant has been convicted of the crime of bigamy and appeals to this court.

It is first insisted that the challenge to the panel of jurors should have been allowed. The challenge was based upon the claim that the sheriff who summoned the jurors was biased. This officer was placed upon the stand and examined at length as to his state of mind, and we will not here detail his evidence. It may be conceded that it is not entirely explicit, and

possibly is contradictory to some extent, yet he testifies that
he had "no opinion as to whether or not the defendant was
the husband of Mrs. Hartman," and that issue was the prin-
cipal issue in the case.  The condition of mind of this officer
was essentially a question of fact for the trial court to pass
upon, and, as in the case of a trial juror challenged upon the
ground of actual bias, it is only when the issue comes before
this court as matter of law that it has jurisdiction to deal with
it.  Here the evidence is of a character that concludes us in
holding that the denial of the challenge presents only an is-
sue of fact.  Under these conditions the action of the trial
court will be upheld.

In this case the second marriage is conceded, and the mate-
rial issue presented at the trial was: Had the defendant a
wife living at the time of the second marriage?  A great
mass of evidence was introduced directed to that issue.  Ob-
jection was made to testimony tending to show by general
repute the relationship existing between the defendant and
the woman, Mrs. Hartman, whom it was claimed was his first
wife, in the communities where they had previously resided.
While we do not decide here that this marriage could be shown
by general repute alone, yet we are satisfied general repute
is admissible as a circumstance tending to show marriage.
It is said in *People v. Beevers,* 99 Cal. 289: "It is conceded
everywhere that an actual marriage must be proven to sup-
port the charge of bigamy, a great number of the cases hold-
ing that cohabitation and repute, standing alone, are not suffi-
cient to prove the marriage.  This was the common law, and
was based upon the principle that the presumption of innocence
of crime overcame the presumption of marriage following co-
habitation and repute.  Many cases hold that the admission
of marriage by a defendant, coupled with cohabitation and
repute, are sufficient to sustain a finding of actual marriage."
Again, section 1106 of the Penal Code provides: "Upon a trial
for bigamy it is not necessary to prove either of the mar-
riages by the register, . . . . but the same may be proved by
such evidence as is admissible to prove a marriage in other
cases."  There can be no question but that the legislature has
power to prescribe rules of evidence in prosecutions for the
crime of bigamy.  And if the rule, as the section says, is the

same in criminal cases as in civil cases, then general repute of marriage may be proven as tending to show the fact of marriage. That this is the rule in civil cases is expressly decided in *White v. White,* 82 Cal. 427, where *Case v. Case,* 17 Cal. 598, is reviewed and explained. For the reasons suggested, we are clear the evidence was admissible. At this point it may be further indicated that in the present case we have evidence tending to show cohabitation for a great many years, undivided general repute of marriage, admissions by defendant of marriage, and some direct evidence tending to show the performance of an actual marriage ceremony. These things, taken together, are ample to support a finding of fact that the marriage relation did exist between the defendant and the aforesaid Mrs. Hartman.

The court properly refused the following instruction: "Bigamy, like other crimes, is the result of a joint operation of act and intent; and if you believe from the evidence that the defendant, at the time he married Nancy Brown, honestly believed that he had not been legally married to Mary Powers you will acquit the defendant." The second marriage is conceded, and it is contended that the foregoing instruction should have been given as bearing upon defendant's intent. It is claimed that if defendant thought he was not married when he entered the marriage relation the second time, then he had no intent to commit the crime of bigamy, and having no intent to commit the crime he could not, as matter of law, be guilty of committing it. While this position is plausible, it is apparent that it cannot stand when the tests furnished by the law are applied to it. It is said in *People v. O'Brien,* 96 Cal. 176: "It is a familiar rule that to constitute crime there must be a union of act and intent, but our code provides that the word 'willfully,' when applied to the intent with which an act is done or committed, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." This whole contention is in the O'Brien case well discussed, and the authorities cited. It is there again said (quoting from 2 Wharton's Criminal Evidence, 8th ed., sec. 1695a): "It has been held that one who marries a

second time, under the honest but erroneous belief that a decree of divorce which had been granted was valid, is afforded no protection by the invalidity of the decree, and that evidence of his good faith will be excluded."

In *Commonwealth v. Thompson*, 6 Allen, 592,[1] the court said: "The court properly refused to rule that upon the mere showing that the plaintiff married the said Emelie B. Carlton and cohabited with her without any knowledge that she had a husband living, and believed that she had no husband living, the defendant could not be convicted of adultery, although she then had a legal husband in full life." In *Commonwealth v. Mash*, 7 Met. 472, the syllabi correctly states the case as follows: "If a woman who has a husband living marry another person, she is punishable though her husband has voluntarily withdrawn from her, and remain absent and unheard of for any term of time less than seven years, though she honestly believes at the time of her second marriage that he is dead." In *Rey v. Gibbon*, 12 Cox C. C. 237, it is said: "A *bona fide* belief by a wife that her husband is dead is no defense to an indictment of bigamy unless he has been continuously absent for seven years." This court has also decided many analogous cases under statutes relating to the seduction or rape of girls under the age of consent.

To support appellant's contention in the foregoing regard he relies upon *People v. Harris*, 29 Cal. 678, where the defendant was found guilty of voting twice at the same election. In that case it was held that if the defendant was so drunk when he voted the second time that he did not know what he was doing, then he was not guilty. In other words, in substance it was held that if he was unconscious at the time that he cast the second vote, he was not responsible under the criminal law for the act done. But that case is not in point here. The law says: "Every person, having a husband or wife living, who marries any other person, except in the cases specified in the next section, is guilty of bigamy." If defendant, by reason of being unconscious, did not know what he was doing when he contracted the second marriage, then this case is similiar to the Harris case. But here the defendant did know exactly and

---

[1] 83 Am. Dec. 653.

fully what he was doing when he married the second time, and it was the act of marrying the second time that constituted the crime, for, as we have seen, he had another wife living when he contracted the second marriage. The intent of defendant, as referred to in the code, is the intent to do the act, namely, contract the marriage. It does not refer to any intent to violate the law.

The court refused to give the following instruction: "Evidence of cohabitation of defendant with Mary Powers, prior to the marriage of defendant with Nancy Brown, is not evidence sufficient to warrant you in finding that the defendant was ever married to Mary Powers." The statement as an abstract proposition is true. But, as we have seen, there was much other evidence tending to show a marriage of defendant with Mary Powers. For these reasons the court was justified in declining to give the instruction as asked.

The judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.