[Crim. No. 342.   First Appellate District.—September 27, 1911.]

## THE PEOPLE, Appellant, v. ALFRED W. PRIESTLEY, Respondent.

CRIMINAL LAW—BIGAMY—SUFFICIENCY OF INFORMATION—EXCEPTION NOT PART OF OFFENSE—IGNORANCE OF WHEREABOUTS OF WIFE FOR FIVE YEARS.—An information for the crime of bigamy under section 281 of the Penal Code is not required to negative the exception embodied in subdivision 1 of section 282 of that code, that "the last section does not extend to any person by reason of any former marriage, whose husband or wife by such marriage has been absent for five successive years, without being known to the defendant within that time to be living."

ID.—RULE AS TO PLEADING EXCEPTIONS.—In a proceeding based upon a penal statute, the subject of an exception in the enacting or prohibitory clause of the act defining the offense must, in the charging part of the criminal pleading, be excluded by averment; but of any proviso or qualification of the offense in a separate substantive clause or section, the information or indictment need take no notice.

ID.—DISTINCT EXCEPTIONS MATTER OF DEFENSE.—Distinct exceptions, constituting no part of the enacting clause, defining the offense, but embodied in another section, constitute only matter of defense, to be relied on and proved by the accused.

ID.—PLEADING OF FIRST MARRIAGE—DATE OR PLACE NOT REQUIRED—AVERMENT OF FACT.—The information for bigamy is not defective in not alleging the date or place of the first marriage. The only material fact is that at the time of the second marriage the defendant had a wife living, which makes the second marriage a crime. The first marriage is of itself a fact not criminal, and there is no substantial reason why it should not be averred in general terms.

ID.—KNOWLEDGE THAT FIRST MARRIAGE WAS LAWFUL NOT TO BE AVERRED.—The information was not required to aver that defendant knew that the alleged first wife was his lawful wife. A second marriage under an erroneous assumption that the first marriage was void, or had been annulled or dissolved, is not even a defense to the charge, much less need it be alleged in the information.

ID.—OBJECTION TO INDIRECT CHARGE OF DISTINCT EXCEPTION AS TO FORMER MARRIAGE.—Inasmuch as no exception embodied in section 282 is required to be negatived in an information for bigamy under section 281, it is immaterial whether such information does not charge directly under section 282 that the former marriage of defendant had not been pronounced void by a judgment of a court of competent jurisdiction.

ID.—SUFFICIENCY OF CHARGE OF BIGAMY UNDER STATUTE.—It is held the information substantially follows the language of section 281 to the charge of bigamy, and shows with sufficient clearness that the defendant married "another person" other than his first wife.

APPEAL from an order of the Superior Court of Santa Cruz County allowing defendant's demurrer to an information for bigamy. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney General, for Appellant.

F. Goodwin Williams, for Respondent.

KERRIGAN, J.—This is an appeal by the people from an order allowing defendant's demurrer to the information.

The information, which charged the defendant with the crime of bigamy, was as follows: "That the said Alfred W. Priestley, on or about the 19th day of January, A. D. 1911, . . . and before the filing of this information, was the lawful husband of one Susan Dunbar Priestley . . . who was then and there alive, and the said Alfred W. Priestley . . . to wit, on the 19th day of January, 1911, . . . did feloniously marry one Mabel Addie Cook, the said marriage between the said Susan Dunbar Priestley and the said Alfred W. Priestley . . . not having been dissolved, annulled or pronounced void by a court of competent jurisdiction."

To this information the defendant demurred on general grounds, and also specially upon the ground that the information does not show that the defendant married "any other person" other than his first wife; that the information does not directly charge that the former marriage of the defendant had not been annulled by a judgment of a competent court; that it does not allege that the former wife was not absent for five successive years without being known to the defendant within that time to be living. Other grounds specified in the demurrer are that the information does not allege the date nor the place of the first marriage, nor that the defendant knew that the "first alleged wife was his lawful wife"; nor, says the demurrer, "does the information allege a fact but a conclusion of law in alleging that the defendant was the lawful husband of one Susan Dunbar Priestley."

Section 281 of the Penal Code reads as follows: "Every person having a husband or wife living, who marries any other person, except in the cases specified in the next section, is guilty of bigamy."

Section 282 of the same code provides: "The last section does not extend—

"1. To any person by reason of any former marriage, whose husband or wife by such marriage has been absent for five successive years without being known to such person within that time to be living; nor,

"2. To any person by reason of any former marriage which has been pronounced void, annulled or dissolved by the judgment of a competent court."

It will be observed that the information does not negative the exception contained in subdivision 1 of section 282, i. e., that the defendant's wife has been absent for five successive years without being known to the defendant within that time to be living. If it be true that this exception is so incorporated into the language defining bigamy as to constitute a part of the description of the offense, then it should have been negatived, and the order of the court sustaining the demurrer was correct. The exceptions to section 281, however, are found in a subsequent and separate section, and neither of them is so related to the previous section as to constitute a part of the definition of the crime. In a proceeding based upon a penal statute, say the elementary works on pleading, the subject of an exception in the enacting or prohibitory clause of the act must in the charging paper be excluded by averment, but of any proviso or qualification in a separate substantive clause the information or indictment need take no notice. (Gould's Common Law Pleading, p. 172; *Commonwealth* v. *Jennings,* 121 Mass. 47, [23 Am. Rep. 249].)

Thus, in this state an information for rape must aver that the act was accomplished with a female "not the wife" of the defendant, because such allegation is a part of the definition of the crime. (*People* v. *Miles,* 9 Cal. App. 312, [101 Pac. 525].)

On the other hand, it has been held in *Hart* v. *Cleis,* 8 Johns. (N. Y.) 41, that in an action for a penalty under a section which prohibited the exportation of slaves, "except as hereinafter provided," the plaintiff need not negative the proviso of a succeeding section which allowed persons traveling through or removing from the state to take their slaves with them.

In Massachusetts, New York, Vermont and Ohio the statute on bigamy is like our own in that the portion defining the crime is followed by other sections enumerating certain exceptions. In those states it is held that the subject of the exceptions is not a part of the enacting clause, but that the exceptions constitute matters of excuse or defense.

In *Fleming* v. *People,* 27 N. Y. 329, the statute declared that every person having a wife living who shall marry any other person, "except in cases specified in the next

section," shall be adjudged guilty of bigamy. The next section embraces six classes of persons and cases to which the preceding section did not extend, one of which was where the former spouse shall have been absent for five years without being known to the party accused within that time to be'living; another case was where the accused and his former wife had been divorced. The court held that in matters of pleading as well as of proof it was unnecessary to negative the exceptions found in the second section. At page 335 of the opinion, the court, basing its statement upon Chitty's Criminal Law, says: "It is not necessary to allege that the defendant is not within the benefit of the provisos of the statute, though the purview should expressly notice them, as by saying that none shall do the act prohibited except in the cases hereinafter excepted. This rule is precisely applicable to this statute, and so are the cases." The court then quotes from a number of authorities.

In the case of *Commonwealth* v. *Jennings,* 121 Mass. 47, [23 Am. Rep. 249], the court passed on this question. The statute there considered made every marriage during the life of the first spouse a crime, but provided that the statute should not apply to certain cases enumerated in another section. The court said: "The offense of polygamy is fully defined by the General Statutes, chapter 165, section 4, as consisting in the defendant's, while having a prior husband or wife living, marrying or continuing to cohabit with another person in this state. The words 'except in the cases enumerated in the following section' are not so incorporated with the enacting clause that the one cannot be read without the other, but are inclosed in a parenthesis, inserted after completing the enumeration of the elements necessary to constitute the crime, in the midst of the conclusion which declares its denomination. That the former husband or wife has been absent for seven years and unheard from is a matter of defense or excuse rather than a limit of the definition of the crime."

So in the case of *Stanglein* v. *State,* 17 Ohio St. 453, the failure of an indictment for bigamy to allege that "the former wife had not been continually and willfully absent for the space of five years together and unheard from next before the time of the second marriage charged in the in-

dictment," was held no ground for arresting judgment, since such fact is a matter of defense to be proved by the accused.

In the case of *State* v. *Abbey*, 29 Vt. 60, [67 Am. Dec. 754], the indictment was for the crime of bigamy, and alleged simply a second marriage by the defendant while his former wife was still alive. The section defining the offense was followed by another which contained a proviso that the statute should not extend to certain specified cases. It was held that the indictment was not bad for omitting to negative the exceptions in the statute, it having averred both marriages and set forth that the first wife was living when the second marriage took place, the court observing, after discussing the question at length and citing many authorities from various jurisdictions, "The fifth section of the act on which this indictment is drawn contains the enacting clause, in which the exceptions are made of those cases which are specified in the sixth section. The cases excepted do not define or qualify the offense created by the enacting clause. If the facts are alleged in the indictment, and proved at the trial, that the respondent had a former husband or wife living, and married another person, . . . the offense is fully made out. . . . If in fact the former husband or wife of the respondent had been continually beyond the seas, or out of the state for seven years together, and the respondent had married again, not knowing the other to be living within that time, or if the respondent had been divorced, or the marriage had been declared null and void by the sentence of a court, or if the former marriage was within the age of consent and not afterward assented to, those facts should be relied upon and proved by the respondent on his defense."

The views expressed in the Vermont case are strongly approved in *Ex parte Hornef*, 154 Cal. 355, [97 Pac. 891]. (See, also, *State* v. *Williams*, 20 Iowa, 98; *Barber* v. *State*, 50 Md. 170; 3 Ency. of Pl. & Pr. 324.)

There is no merit in the respondent's contention that the information is defective in not alleging the date or place of the first marriage. It is immaterial when or where the first marriage took place if the accused, at the time of the second marriage, had a wife living. In *People* v. *Giesea*, 61 Cal. 53, [93 Am. Dec. 257], it is held that an allegation of the place of the first marriage is unnecessary. It has also been held ex-

pressly in a number of cases that it is unnecessary in a charge of bigamy to allege at what particular date the first marriage occurred. (*People* v. *Perriman,* 72 Mich. 184, [40 N. W. 425] ; *Fauslre* v. *Commonwealth,* 92 Ky. 34, [17 S. W. 189] ; *State* v. *Armington,* 25 Minn. 34; *Hutchins* v. *State,* 28 Ind. 34; *State* v. *Bray,* 13 Ired. (35 N. C.) 289.)    In *Hutchins* v. *State, supra,* it is said: ''As the first marriage is not criminal, but its existence a condition which makes the second marriage a crime, it is of itself a fact, and there is no substantial reason why the averment of it should ever have been required except in general terms.''

So in the case of *State* v. *Hughes,* 35 Kan. 626, [57 Am. Rep. 195, 12 Pac. 28], the court, commenting upon an objection like the one here, said: ''The offense as defined by the statute consists in marrying a second time while the husband or wife of defendant is still living.    That the accused had a wife living at the time he contracted the second marriage is an essential allegation which should be stated with precision. . . . It is enough to allege and show that the marriage relation had been entered into and existed between the accused and his first wife at the time of the second marriage.''

The respondent also urges that the ''information does not charge that the defendant knew that the alleged first wife was his lawful wife.''    This objection is hardly worthy of notice.    A second marriage under an erroneous assumption that the first marriage was void, or had been annulled or dissolved, is not even a defense to the charge; much less need it be alleged in the information.    (*People* v. *Hartman,* 130 Cal. 487, [62 Pac. 823].)

The respondent also urges the point that the information does not charge directly that the former marriage of defendant had not been pronounced void by a judgment of a court of competent jurisdiction, but what we have already said disposes of this contention.

The point that the information does not follow the language of section 281 of the Penal Code, in that it does not allege that the defendant married ''another person'' other than his first wife, is answered by referring to section 950, subdivision 2, and section 958, Penal Code, and to the information itself.

The order appealed from is reversed.

Hall, J., and Lennon, P. J., concurred.