### 7614.  FARKAS *et al. v.* COHN & SON.

1. The court did not err in overruling the motion to dismiss the petition.
2. The first ground of the amendment to the motion for a new trial is not referred to in the brief of counsel for the plaintiff in error, and is therefore treated as abandoned.
3. The court did not err in excluding the testimony set out in the 2d ground of the amendment to the motion for a new trial, there being no plea of "no partnership."
4. The refusal of the court to repel the evidence set out in the 3d, 4th, 5th, and 6th grounds of the amendment to the motion for a new trial was not erroneous. Although the several witnesses were not shown to have been expert real-estate men, their evidence was admissible for what it was worth, on the subject of the rental value of the store in question, with and without a "glass front," notwithstanding they mentioned no particular kind of glass front.
5. The assignment of error based upon the court's refusal of a written

request to give certain instructions to the jury can not be considered, as it is not alleged that the request was presented to the court before the jury had retired to consider their · verdict.  Civil Code (1910), § 6084.

6. Under the facts of the case, including the amount of the verdict, even if the court, in the absence of a timely written request, erred in failing to charge section 4398 of the Civil Code (as to the duty of an injured person to lessen damages), the error was harmless.

7. The verdict was supported by the evidence.

DECIDED MARCH 15, 1917.  REHEARING DENIED MARCH 27, 1917.

Action on contract; from city court of Albany—Judge Clayton Jones.  June 17, 1916.

*Leonard Farkas,* for plaintiffs in error.

BROYLES, P. J.   S. Cohn & Son brought suit for damages for the alleged breach of a written contract.  The petition alleged, in substance, that under the terms of the contract the plaintiffs were to pay the defendant Farkas for the rent of a certain storehouse in the city of Albany, Georgia, $60 per month for a period of three years, and in consideration of such payment Farkas was to put in a new "glass front" to the building, without any cost to the plaintiffs; and that he had failed and refused to carry out this part of the contract, thereby damaging the plaintiffs in the sum of $1,000.  A copy of the contract was attached as an exhibit to the petition.  The material parts of the contract, so far as this action is concerned, are as follows:   "The party of the first part hereby leases unto the parties of the second part  .  .  .   for a period of three years, beginning July 1, 1913, and expiring with July 1, 1916, .  .  .   one brick storehouse and lot and building on lot in rear thereof on Broad street, in the city of Albany, said State and county, said storehouse being No. 237 North Broad street.   The said party of the first part hereby agrees to do all the necessary repairing on said property, for its protection, during the term of this lease, and said party of the first part further agrees, as a part of the consideration of this lease, to put in a new glass front to the said building, all of which is to be done without cost to the said parties of the second part.   The consideration of this lease contract is the assumption of repairs and improvements above mentioned, by the party of the first part, and the payment of sixty dollars per month as rental, which sum is to be paid by the parties of the second part, their heirs and assigns, on the first day of each month, beginning July 1, 1913, and continuing on the

first day of each month thereafter during the three years of this lease."

On the trial an oral motion to dismiss the petition was made on the ground that it failed to set out a cause of action, in that the contract was too vague and uncertain to be enforced. The motion was overruled, and there were exceptions pendente lite to this ruling, upon which error is assigned in the final bill of exceptions. That part of the contract which stipulates that the defendant Farkas is to "put in a new glass front to the storehouse," when considered alone, is rather vague and indefinite. A well known principle of law, however, is that in construing any part of a contract, the whole contract must be considered. *Tillman* v. *Webb,* 17 *Ga. App.* 620 (87 S. E. 904). In our opinion it is inferable from the entire contract that it meant that Farkas was to put in an ordinary, usual, "glass front," or "show window," in the front of the building, for the purpose of displaying goods, similar to "glass fronts" in other stores in that locality in the city of Albany. That this is the proper construction of the contract is, we think, shown by the testimony adduced both for the plaintiffs and the defendants. Witnesses on both sides testified clearly and definitely as to the difference in rental values generally, in the vicinity of the storehouse in question, of such buildings with and without "glass fronts." The expression "glass front" was apparently not too vague and indefinite for these business men of the city of Albany to know exactly what was meant thereby, and it is a legitimate inference from this evidence that the parties to the contract in question understood what kind of "glass front" was called for therein. Thus construed, the contract is not too uncertain to be the basis of a suit for the breach thereof, and the petition was not subject to general demurrer. The oral motion to dismsis the petition was of the nature of such a demurrer, and the court did not err in overruling it.

It is not necessary to elaborate what is said in the headnotes as to other questions. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*