## 9253.  JACKSON v. THE STATE.

BLOODWORTH, J.  1. The court did not err in refusing to admit in evidence, on the trial of this case on September 28, 1917, a conditional decree of divorce, granted in Alabama on August 4, 1917, by the express terms of which the decree of divorce could not become absolute in any event before six months after the grant thereof.  This case is easily differentiated from the cases cited by the plaintiff in error, each of which refers to remarriage after the decree of divorce is absolute.

2. Grounds B, C, and D of the amendment to the motion for a new trial are based upon alleged errors of the court in failing to give certain requested instructions to the jury, but cannot be considered by this court, because in none of these grounds is it alleged that the request was presented before the jury had retired to consider their verdict. Civil Code (1910), § 6084; *Farkas* v. *Cohn*, 19 *Ga. App.* 472 (5) (91 S. E. 892); *Southern Ry. Co.* v. *Williams*, 19 *Ga. App.* 544 (5) (91 S. E. 1001); *Seaboard Air-Line Ry.* v. *Barrow*, 18 *Ga. App.* 261 (4) (89 S. E. 383); *Seaboard Air-Line Ry.* v. *Lyon*, 18 *Ga. App.* 266 (6) (89 S. E. 384).

3. The evidence is sufficient to support the verdict, and a new trial was properly refused.

> *Judgment affirmed.   Broyles, P. J., and Harwell, J., concur.*
>
> DECIDED MARCH 6, 1918.   REHEARING DENIED APRIL 12, 1918.

Accusation of adultery and fornication; from city court of Floyd county—Judge Nunnally.  September 28, 1917.

*W. B. Mebane,* for plaintiff in error.

*J. F. Kelly, solicitor,* contra.

### ON MOTION FOR REHEARING.

BLOODWORTH, J.  In Alabama divorces are granted by the chancery courts.  Two sections of vol. 2 of the Code of Alabama of 1907 are pertinent here.  They are as follows: "Sec. 3170.  A decree made against a defendant, without personal service, who does not appear, is not absolute for twelve months from the rendition thereof, except as otherwise in this article provided; and in such case the court must direct a copy of the decree to be sent to such defendant, or, in case of infants, or persons of unsound mind, to their guardians, if their residence can be ascertained.  Sec. 3171.  Such defendant may file a petition, showing sufficient cause for setting aside such decree and permitting him to defend the suit on the merits, at any time within such twelve months, unless he has been served with a copy of such decree, when such petition must be filed within six months from such service.  If

the parties have been dismissed, notice of such petition shall be given those in interest. Upon the hearing of such petition, the chancellor has full power to open the decree and proceed with the cause as if no decree had been rendered therein." In the suit for divorce brought in Alabama by the plaintiff in error against his wife, there was evidently no personal service; for the decree provides that "But this decree shall not be absolute for twelve months, except to issue execution for costs, unless within six months defendant is personally served with a copy thereof, in which case it shall become absolute after six months from such personal service. The register is hereby directed to send to the defendant a copy of this decree if her residence is known or can be ascertained; and defendant, unless (?) personally served with copy of the decree, may, at any time within six months from such personal service, file a petition showing sufficient cause, if such she may have, for setting aside the decree and permitting her to defend the case on its merits, as by statute in such case made and provided." It will thus be seen that the decree follows the express terms of the statute; and under the above law there can be no absolute divorce in this case until six months after personal service is perfected on the defendant, or, in the absence of such service, until twelve months from the date of the decree. The decree is dated August 4, 1917, and the second marriage occurred August 6, 1917, two days later. It is thus apparent that at the time of the alleged second marriage the plaintiff in error was not divorced from his former wife. There is a very clear distinction between a conditional decree of divorce to become absolute at some time in the future, and an absolute decree in which there is a prohibition against defendant remarrying.

While counsel for plaintiff in error realizes that ignorance of the law will not excuse his client, and that this court cannot interfere with a sentence that is within the limit of the law, yet his client in his statement said, "I married her in good faith, believing I had a right to marry," and in his brief the attorney calls attention to the fact that "the court sentenced the defendant to serve twelve months in the chain-gang." While these contentions cannot avail him before this court, they might before the pardoning power of the State.

*Rehearing denied. Broyles, P. J., and Harwell, J., concur.*