[Crim. No. 2768. Second Appellate District, Division One.—November 1, 1935.]

THE PEOPLE, Respondent, v. DOW L. HARLOW, Appellant.

Henry E. Phister, Walter E. Barry, Thomas J. Dunnigan, Jr., and F. Walter French for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

EDMONDS, J., *pro tem.*—The principal question presented by appellant on his appeal from a judgment of conviction of bigamy is the validity of his so-called Mexican "mail order" divorce from a former wife. He also appeals from an order denying a new trial.

Ollie V. Harlow, the complaining witness, married appellant in Indiana in 1913. They came to California shortly afterwards and Mrs. Harlow bought a home in San Diego the following year. For all of the time thereafter until 1933, they lived in San Diego for three or four months of each year, residing the rest of the time in Oklahoma.

In the year 1933, Ollie V. Harlow and appellant lived in San Diego during the months of July, August and September. They then returned to Oklahoma, but appellant left his wife within two or three days after their arrival in Tulsa. According to her testimony, appellant left her to go to Los Angeles and open an oil office. She was to join him in Los Angeles later. She heard from him by letter until December of that year, at which time she came to Los Angeles of her own volition. She did not hear from her husband further and did not see him until the following July, which was after the marriage for which appellant was convicted.

In the meantime appellant lived in Los Angeles where, early in 1934, he consulted a lawyer licensed to practice in the state of Chihuahua, Mexico, but not licensed to practice in California. The record shows that appellant stated to this lawyer his desire to get a divorce. The lawyer prepared a power of attorney which authorized one Cuen, an attorney in Mexico, to submit appellant's divorce action to the courts of Mexico. Thereupon Cuen filed an action in Mexico in the name of appellant for a divorce from Ollie V. Harlow. The complaint recited, among other things, that ''considering the plaintiff that the matrimonial life could not be carried on by any motive or in any way, he sees himself in the necessity of requesting through me the dissolution of the civil contract before expressed, submitting himself expressly to the jurisdiction of that court under your charge''.

After certain proceedings, the court of first instance of civil law of Bravos district, state of Chihuahua, Mexico, on June 15, 1934, rendered a decree of divorce purporting to dissolve the marriage existing between appellant and Ollie V. Harlow. On July 5, 1934, appellant entered into a duly solemnized marriage contract in California with Alma Z. Lacey, for which he has been convicted of bigamy.

 It is admitted that appellant was never in Mexico, except for one or two days; and that he was never in the state of Chihuahua in connection with his divorce action. The evidence also shows that Ollie V. Harlow was twice served with documents written entirely in the Spanish language, but that she did not know their contents. She never filed any pleading nor made any appearance in the Mexican court, nor was she ever in Mexico.

"It is universally conceded that a divorce proceeding, in so far as it affects the status of the parties, is an action *in rem*. . . . It is usually said that the 'marriage status' is the *res*. Both parties to the marriage, and the state of the residence of each party to the marriage, have an interest in the marriage status. In order that any court may obtain jurisdiction over an action for divorce that court must in some way get jurisdiction over the *res* (the marriage status)." (*Delanoy* v. *Delanoy*, 216 Cal. 27, 32 [13 Pac. (2d) 719, 86 A. L. R. 1321].) From the facts shown in the case at bar, it is apparent that the courts of the republic of Mexico never acquired any jurisdiction of the marriage status nor of the parties.

Domicile is necessary to give a court jurisdiction in an action for divorce. This general rule has been followed in numerous cases, one of the latest being *Ryder* v. *Ryder*, 2 Cal. App. (2d) 426 [37 Pac. (2d) 1069]. It has also been stated by the American Law Institute in its Restatement of Conflict of Laws, as follows: "A state cannot exercise through its courts jurisdiction to dissolve a marriage where neither spouse is domiciled within the state." (Par. 117.) ■ The purported decree of divorce secured by appellant is therefore a nullity because of lack of jurisdiction, the existence of jurisdiction being always a proper subject of inquiry in connection with any judgment of a foreign court offered in the courts of our own state.

■ Appellant seeks judicial approval of his Mexican decree by the courts of California under the provisions of section 1915 of the Code of Civil Procedure. But this section expressly limits its application to final judgments of courts having jurisdiction. And by section 1917 of the Code of Civil Procedure such jurisdiction must be "over the cause, over the parties, and over the thing, when a specific thing is the subject of the judgment". To hold that the courts of Mexico ever acquired jurisdiction to render the decree presented by appellant would be a travesty on justice.

■ Appellant complains of a failure of proof of the first marriage. Without reciting the evidence in detail, we may say that it more than measures up to that in the case of *Budd* v. *Morgan*, 187 Cal. 741 [203 Pac. 754], which was held to be sufficient.

■ Appellant also contends that because the information did not negative the exceptions mentioned in section 282 of the

Penal Code, it failed to state a public offense. However, in *People* v. *Priestley,* 17 Cal. App. 171 [118 Pac. 965], it was held that an information charging bigamy need not negative those exceptions.

The judgment is affirmed; the order is affirmed.

Houser, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 27, 1935.