BURNLEY *v.* STATE.

(In Banc. Feb. 10, 1947.)

[29 So. (2d) 94. No. 36232.]

Harry K. Murray, of Vicksburg, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

L. A. Smith, Sr., J., delivered the opinion of the Court.

Appellant was indicted and convicted in the Circuit Court of Claiborne County of the crime of bigamy under Sections 2019 and 2020, Code of 1942. From a judgment sentencing him to the penitentiary appellant appeals, complaining that the verdict was contrary to the weight of the evidence and that in addition thereto it and the judgment of the court thereon were contrary to the law and the evidence; and that certain instructions

should have been granted him, including one for a peremptory instruction of not guilty; and that his motion for a new trial should have been sustained.

There is no possible doubt of the legal marriage of appellant and his first wife, Mrs. Mavis Louise (Richardson) Burnley, in Attala County on June 15, 1937. It is not controverted. She filed a suit for divorce against appellant in the Second Judicial District of Bolivar County, Mississippi, where she resided at the time, on December 21, 1945. The summons in that case is as follows:

"State of Mississippi

"To the Sheriff or any Lawful Officer of Warren County:

"You are hereby commanded to summon Emmitt Wayne Burnley, if to be found in your county, so that he may be before the Chancery Court of the Second Judicial District of Bolivar County at Cleveland, Mississippi at the January, 1946 Rules Day of said Court, to-wit: On January 14, 1946, to be holden in and for the Second Judicial District of Bolivar County, Mississippi, in the Court room thereof, in the City of Cleveland, on the said second Monday in January, 1946, to answer the bill of complaint exhibited against him by Mrs. Mavis Louise Burnley, complainant, in our said court.

"And further to do and receive what our said court shall have considered, in this behalf.

"You will further notify said Emmett Wayne Burnley that Hon. R. E. Jackson, Chancellor of our said Court, has set the above mentioned cause for hearing at 10:00 A.M. on Saturday the 29th day of December, 1945 at the Court house of the Second Judicial District of Bolivar County, Mississippi at Cleveland, Mississippi, in reference to the temporary relief sought by complainant wherein she seeks an order of this Court awarding to her custody of her minor children, support for said children, temporary alimony and attorney's fees, and requiring the said Emmett Wayne Burnley to pay same monthly.

. "And for grounds for said hearing said complainant states and charges that she and said children are in destitute and necessitous circumstances.

"And have then and there this summons and notice with your proceedings indorsed thereon.

"Witness my signature and official seal on this 21st day of December, 1945.

> "J. L. Smith, Clerk of Chancery
> "Court of Bolivar County, Mississippi
> "By Roberta S. Wiggins, D. C."

It will be noted that appellant was summoned thereby to appear before the Chancery Court aforesaid at January 1946, Rules Day, which was January 14. It further notified appellant that the Chancellor had set for hearing at 10 o'clock a. m. on Saturday the 29th day of December, 1945, the application of the complainant, forming a part of her suit for divorce, for temporary award of the custody of their minor children, temporary support for them, and temporary alimony and attorney's fees, on the ground that the wife and children were in destitute and necessitous circumstances. On the 29th day of December, 1945, a decree was entered for temporary support and attorney's fees, but nothing was said therein, of course, about a divorce. Appellant had a copy of this decree before his second marriage. His second marriage was to Miss Elwyn Duren Gore in Claiborne County, Mississippi, on January 29, 1946, pursuant to a license issued by the Circuit Clerk of that County. There was a ceremonial marriage. In the due course of time and events, his first wife's suit for divorce against him came on for hearing in Bolivar County on February 12, 1946, and she was then granted a decree of divorce from him, and allowances for support were made permanent.

It will thus be seen that when he contracted the second marriage his wife by the first marriage was still living and they were undivorced. He lived with the second wife in her home in Port Gibson for a few days until the first wife appeared on the scene, whereupon he and the second

wife separated. She was the principal witness against him at the trial of this case in the court below. At that trial on this charge of bigamy, appellant introduced into evidence the summons from the Chancery Court of Bolivar County, copied ante, and claimed that he understood from it that the trial for divorce was to be had on January 14, and that it was his understanding further that on that date the divorce had been granted, and that consequently he "understood that any man who was divorced has the right to remarry as if he was single." It will be borne in mind that January 14 was Rules Day and the return day of the process in the divorce act, not a term day, under the law. On cross-examination appellant was asked this question: "You knew when you got this paper that they were not asking for a divorce? A. I figured it was a divorce they had." And further with references to the decree for temporary allowances, this question was asked him: "Did Mr. Murray tell you you had a divorce? A. It was understood. He said this was a decree, and I understood it was a decree of divorce. I knew she was asking for a divorce and I knew it was at the January Rules. Q. Did it say anything about a divorce in there? A. No, sir."

It will be seen from his answers that he did not base his defense on one of the exceptions to the crime of bigamy listed in Section 2020, Code of 1942, but in reality based it upon a mistake of law, founded upon his interpretations of the summons and his alleged misunderstanding of the decree for temporary allowances. He was, nevertheless, not in a legal position to marry the second wife, as no divorce had been granted the first wife on January 29, 1946, when the second marriage was consummated, and appellant and the first wife were then still lawfully married to each other, as the divorce was not granted, as already stated, until February 12, 1946. We think that the evidence was ample to justify the jury in convicting appellant of the crime of bigamy as charged in the indict-

ment, unless a mistake of law is a defense to the charge of bigamy.

The courts in applying the maxim "ignorantia juris non excusat" uniformly hold that the good faith of the defendant in contracting a second marriage on a mistake of law constitutes no defense in a prosecution for bigamy, says the editor of the annotation to State v. Hendrickson, 67 Utah 15, 245 P. 375, 57 A. L. R. 786. The list of authorities cited in the text of the editorial comments, supra, support the conclusion therein announced. McConico v. State, 49 Ala. 6; Witt v. State, 5 Ala. App. 137, 59 So. 715; People v. Hartman, 130 Cal. 487, 62 P. 823; Jackson v. State, 21 Ga. App. 823, 95 S. E. 631; State v. Hughes, 58 Iowa 165, 11 N. W. 706; State v. Armington, 25 Minn. 29; In re Van Pelt, 1 N. Y. City Hall Rec. 137; People v. Weed, 29 Hun 628, 1 N. Y. Cr. R. 349, affirmed without opinion in 96 N. Y. 625; Medrano v. State, 32 Tex. Cr. R. 214, 22 S. W. 684, 40 Am. St. Rep. 775; State v. Sherwood, 68 Vt. 414, 35 A. 352; In re Russell, H. L., [1901] A. C. 446; Rex v. Brinkley, Canada, 14 Ont. L. Rep. 434, 10 Ann. Cas. 407; Rex v. Bleiler, Canada, 4 Alberta L. R. 320, 1 D. L. R. 878.

We are of the opinion, therefore, that the Court was correct in refusing the instruction to the jury requested by the appellant; that the facts sustain the verdict of the jury; and that the defense of a mistake of law is not a defense to the crime of bigamy charged here, even if accepted as true. The judgment of the trial court is affirmed.