[Crim. No. 5480.   Second Dist., Div. One.   Jan. 11, 1956.]

THE PEOPLE, Respondent, v. HAROLD JOSEPH
RAUCH, Appellant.

Edward H. Blixt for Appellant.

Edmund G. Brown, Attorney General, and William E.
James, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment.

Defendant was charged by information with bigamy.  A
jury was duly waived and the cause submitted on the tran-
script of the preliminary examination.  Testimony was also
introduced by defendant.  Defendant was adjudged guilty.

Appellant points out that the issues involved are:

I.  "Should some foundation be laid for application of
marriage license and marriage certificate before the same
may be admitted into evidence?";

II.  "Did the Legislature intend that Section 1106 of the
Penal Code be a rule of evidence, or did they intend to give

California courts jurisdiction in cases where the crime was committed in a foreign jurisdiction?''; and,

III. ''Is evidence of intent admissible on behalf of defendant in a bigamy case to show he did not intend to violate the law and commit bigamy.''

As recited in respondent's brief:

''Ruby Marie Rauch, the People's first witness, (whose surname was previously McGowan) identified a photostat of an application for marriage signed by herself and the appellant, Harold J. Rauch. She and appellant were married in Las Vegas March 13, 1954, by a Justice of the Peace. To her knowledge there had never been a divorce, and her marriage to appellant, Harold J. Rauch, was a presently existing marriage.

''The second witness for the People, Elizabeth Cook Mullendore Rauch, testified that she participated in a marriage ceremony with the appellant in Las Vegas, Nevada, before a Justice of the Peace on February 6, 1955. She identified a certified copy of an application for a marriage license signed by herself and appellant. She also identified the copy of a certificate of a marriage between herself and the appellant. After the ceremony in Las Vegas she and appellant returned to Los Angeles, California, where they resided as husband and wife.''

■■ As to item III above noted, the question of intent is beside the issue, hence the court's ruling on the admissibility of evidence on this issue was not error. As pointed out by respondent, ''The appellant's intent in committing bigamy is not relevant to the crime charged; even though appellant entered into the second marriage under the erroneous assumption that the first marriage was annulled or dissolved, it is not a defense (*People* v. *Kelly*, 32 Cal.App.2d 624, 625 [90 P.2d 605]; *People* v. *Priestley*, 17 Cal.App. 171, 177 [118 P. 965]; *People* v. *Hartman*, *supra* (130 Cal. 487 [62 P. 823]).)''

■ As to item I, namely that no foundation was laid for the admission of the marriage certificates, assuming but by no means conceding that the foundation was insufficient, no prejudicial error resulted from the admission of these certificates. The offense was proved by the testimony of the two wives above mentioned. Their testimony was prima facie proof of the marriage. (*Budd* v. *Morgan*, 187 Cal. 741 [203 P. 754]; *People* v. *Hartman*, 130 Cal. 487 [62 P. 823]; Cal.

Pen. Code, § 1106; *People* v. *Van Wie,* 72 Cal.App.2d 227 [164 P.2d 290].)

Appellant admitted to the investigating officer that both marriages had been performed but stated the marriage to Ruby Rauch had been annulled. However, according to the record, this statement was unconfirmed. The defendant did not testify.

That the evidence is sufficient there is no question as a matter of law. Also appellant's contention with regard to section 1106 of the Penal Code is without merit.

Incidentally, it is interesting to note that appellant "was married in 1934, '43, '47, '54 and '55."

The record reveals no prejudicial errors. The judgment is affirmed.

White, P. J., and Fourt, J., concurred.