[Criminal No. 237.   Filed March 22, 1907.]

[89 Pac. 514.]

TERRITORY OF ARIZONA, Appellant, v. JAMES L. ALEXANDER, Defendant and Appellee.

1. CRIMINAL LAW—BIGAMY—STATUTORY PROVISIONS—RENDERED NUGA-
TORY BY ACT OF CONGRESS—REV. STATS. ARIZ. 1901, PENAL CODE,
SEC. 246, INOPERATIVE.—Congress having defined and provided for
the punishment of bigamy in the territories, section 246, *supra,* was
thereby deprived of any force or effect.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Graham. Frederick S. Nave, Judge. Affirmed.

The facts are stated in the opinion.

Charles L. Rawlins, District Attorney, and E. S. Clark, Attorney General, for the Territory.

SLOAN, J.—In the district court of Graham county one James L. Alexander was indicted and charged, under section 246 of the Penal Code, with the crime of bigamy. The district court sustained a general demurrer to the indictment, upon the ground that, Congress having defined and provided for the punishment of bigamy in the territories, the territorial statute was thereby deprived of any force or effect. From this ruling the territory has appealed.

The territorial statute is not materially different in its import, except as to the punishment prescribed, from the federal statute. In both the common-law offense of bigamy is' prohibited. The question, therefore, is squarely presented, whether the federal statute supersedes the territorial statute. This question has been answered in the negative by the supreme courts of Wyoming, Montana and Utah. *In re Murphy,* 5 Wyo. 297, 40 Pac. 398; *Territory* v. *Guyott,* 9 Mont. 46, 22 Pac. 134; *State* v. *Norman,* 16 Utah, 457, 52 Pac. 986. Each of these cases proceeds upon the authority and reasoning applied in the decision of cases where an act of Congress and an act of a state legislature, covering the same crime, were involved. The principle governing such cases has been succinctly stated by Mr. Justice Greer, in

*Moore* v. *Illinois,* 14 How. (U. S.) 13, 14 L. Ed. 306, in the following language: "Every citizen of the United States is also a citizen of a state or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for infraction of the laws of either. The same act may be an offense or transgression of the laws of both." The context and facts of that case make it evident that the learned justice, in laying down the rule that one may be punished for the same act which violates the laws of both, had in mind the existence of two distinct sovereignties, notwithstanding his illustrations that one may be a citizen of the United States and also of a state or territory. It seems to us that the Wyoming, Montana, and Utah courts, in the cases referred to, holding that this rule applies in a territory as in a state, overlook the distinction between a territory and a state in their relation to the United States. A territory is not a sovereignty. Such legislative powers as it may possess are delegated powers which may be granted or withheld at the will of Congress. *National Bank* v. *Yankton,* 101 U. S. 129, 25 L. Ed. 1046. An offense against a federal law and an offense created by the territorial statute are both in effect offenses against the sovereignty of the United States.

The case of *Davis* v. *Beason,* 133 U. S. 333, 10 Sup. Ct. 299, 33 L. Ed. 637, is instructive, if not actually decisive, upon this question. The laws of the territory of Idaho provided that: "No person under guardianship . . . nor any person who is a bigamist or polygamist or who teaches, advises, counsels, or encourages any person or persons to become bigamists or polygamists, . . . is permitted to vote at any election, or to hold any position or office of honor, or trust, or profit within this territory." Davis was indicted in one of the Idaho courts for conspiring with others to violate this statute. An appeal was taken by him to the supreme court of the United States, from an order of the district court of the territory refusing to discharge him upon *habeas corpus.* One of the points made upon the hearing was that the territorial court was without jurisdiction, for the reason that Congress had, by statute, covered the whole subject of punitive legislation against bigamy and polygamy in the territories, leaving nothing for territorial action upon the subject; and that the Idaho statute above quoted was superseded by the section of the act of Congress of March 22, 1882, which reads: "That no polygamist, bigamist, or any person cohabiting with more than one

woman, and no woman cohabiting with any of the persons described as aforesaid in this section, in any territory or other place over which the United States have exclusive jurisdiction, shall be entitled to vote at any election held in any such territory or other place, or be eligible for any election or appointed to, or be entitled to hold any office or place of public trust, honor or emolument in, under, or for any such territory or place, or under the United States." 22 Stat. 31, c. 47, sec. 8 (U. S. Comp. Stats. 1901, p. 3635). The court, by Mr. Justice Field, after pointing out that the Idaho statute was not repugnant to the congressional act, but provided additional qualifications for voters, and that this was permitted under the organic act, and referring particularly to the act of March 22, 1882, said: "This is a general law applicable to all territories and other places under the exclusive jurisdiction of the United States. It does not purport to restrict the legislation of the territories over kindred offenses or over the means of their ascertainment and prevention. The cases in which the legislation of Congress will supersede the legislation of a state or territory, without specific provisions to that effect, are those in which the same matter is the subject of legislation by both. There the action of Congress may well be considered as covering the entire ground, but here there is nothing of this kind. The act of Congress does not touch upon teaching, advising, and counseling the practice of bigamy and polygamy, that is, upon aiding and abetting in the commission of those crimes, nor upon the mode adopted, by means of the oath required for registration, to prevent persons from being enabled by their votes to defeat the criminal laws of the country." From a reading of the entire case and the expression of the court quoted, the implication is that, had the congressional act covered the entire subject matter of the Idaho statute, the latter would have been superseded by the former.

We hold that the district court was right in its ruling in sustaining the demurrer upon the ground stated.

KENT, C. J., and DOAN and CAMPBELL, JJ., concur.