[Criminal No. 484. Filed November 3, 1920.]

[192 Pac. 1117.]

# FRANK FORD, *alias* FRANCIS FOURDE, Appellant, v. STATE, Respondent.

1. BIGAMY—TIME AND PLACE OF FIRST MARRIAGE NEED NOT BE STATED IN INFORMATION.—The time and place of the first marriage need not be stated in an information charging bigamy under Penal Code of 1913, paragraph 275.

2. BIGAMY—INFORMATION NEED NOT ALLEGE THAT PERSON PERFORMING MARRIAGE WAS LEGALLY AUTHORIZED.—An information for bigamy under Penal Code of 1913, paragraph 275, need not allege that the person who performed the second marriage was legally authorized to perform the marriage.

3. INDICTMENT AND INFORMATION—INFORMATION FOLLOWING STATUTE SUFFICIENT.—The prosecution sufficiently charges the offense whenever the information follows the statute defining the crime prosecuted.

4. BIGAMY—PROSECUTION MUST PROVE DETAILS OF MARRIAGE.—In a prosecution for bigamy the state must prove the details of the marriage, including *prima facie* the authority of the person officiating.

5. BIGAMY—RECORD OF FIRST MARRIAGE IN FOREIGN COUNTRY HELD ADMISSIBLE.—The record of marriage in a foreign country, if authenticated to the satisfaction of the trial court, may be received in evidence in a prosecution for bigamy for whatever it may be worth as a circumstance, notwithstanding that it does not appear that the laws of such foreign country require that such a record be kept, nor that the officer certifying to the record is the officer legally charged with the custody of the record.

6. CRIMINAL LAW—CERTIFIED COPY OF RECORD OF MARRIAGE IN FOREIGN COUNTRY PROPERLY ADMITTED IN BIGAMY PROSECUTION.—In a prosecution for bigamy, the court did not err in admitting in evidence a document purporting to be the record of the first marriage of the accused in Mexico, a copy of such record being certified by the chief judge of the department of deceased and archives, with seal attached, and the Governor of the federal district in Mexico certifying that the signature attached was that of the chief judge, and the Governor's signature being certified as the signature of an officer of the foreign affairs department of Mexico, and the lat-

5. Authorities to the effect that cohabitation under foreign marriage is bigamy are noted in **Ann. Cas.** 1917C, 1141.

ter's official signature being authenticated by a certificate of the vice-consul of the United States at Mexico City, with the seal.

7. BIGAMY—EVIDENCE OF EYE-WITNESSES AT MARRIAGE CEREMONY AND FACTS CONCERNING COHABITATION ADMISSIBLE.—Under Civil Code of 1913, paragraph 1762, and independently thereof, the court in a bigamy prosecution properly permitted the state to introduce evidence of eye-witnesses to the effect that the first marriage was celebrated in a foreign country by a person apparently an officer, and that the defendant introduced such person as his wife a number of times, and that they lived together as husband and wife.

8. CRIMINAL LAW—INSTRUCTION NOT ERRONEOUS AS ASSUMING THAT A FIRST MARRIAGE HAD BEEN CELEBRATED.—An instruction in a bigamy prosecution, "So in this case it is necessary for the state to prove that F. did intend to marry a second time when he had another wife living, but the state does not have to prove, and probably could not, that the defendant intended to commit bigamy," was not erroneous as assuming that accused had a wife living at the time of the second marriage, and that he had committed bigamy, and that the jury were only to determine whether or not he intended to commit bigamy.

9. CRIMINAL LAW—IT MAY BE PREJUDICIAL TO ADMIT INCOMPETENT TESTIMONY.—It may be prejudicial to admit incompetent testimony, although other evidence in the case establishes the guilt of the defendant.

10. CRIMINAL LAW—INTRODUCTION OF RECORD IN EVIDENCE NOT PREJUDICIAL.—In a prosecution for bigamy, where defendant took the stand in his own behalf, but did not deny or question other evidence in the case establishing his guilt, it was not prejudicial error to admit in evidence a certificate of the alleged first marriage in a foreign country, conceding that the certificate was incompetent evidence.

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Affirmed.

Mr. Sam H. Kyle, Mr. Maurice Blumenthal and Messrs. Boyle & Pickett, for Appellant.

Mr. Wiley E. Jones, Attorney General (Mr. Louis B. Whitney, on the brief), for the State.

CUNNINGHAM, C. J.—The defendant demurred to the information, and the court overruled the same. The appellant assigns error, alleging that the infor-

mation failed to allege the time and place of the first marriage, and that it failed to allege facts sufficient to show that any valid second marriage could have been performed or entered into.

The statute defines bigamy as follows:

"275. Every person having a husband or wife living, who marries any other person except in the cases specified in the next section, is guilty of bigamy."

This statute is identical in wording with Penal Code of California, section 281. This statute, in words, has been on our books since 1887, and possibly before that date. See Pen. Code 1887, par. 475. The paragraph was carried forward in the 1901 compilation as paragraph 246, Penal Code of 1901. In *Territory* v. *Alexander,* 11 Ariz. 172, 89 Pac. 514, the statute was declared inoperative for the reasons stated therein. Technically, the statute was made operative for the first time when Penal Code of Arizona of 1913 took effect after statehood. During the time this statute lay dormant on the territory statute books, the Supreme Court of the state of California, in 1882, in the case of *People* v. *Geisea,* 61 Cal. 53, held that an indictment following the statute without stating at what place the defendant was first married is sufficient. In *People* v. *Priestley,* 17 Cal. App. 171, 118 Pac. 965, the court of appeals of California says in this respect (page 967 of 118 Pac. and page 176 of 17 Cal. App.):

"There is no merit in the respondent's contention that the information is defective in not alleging the date or place of the first marriage. It is immaterial when or where the first marriage took place if the accused, at the time of the second marriage, had a wife living"—citing case, including *Hutchins* v. *State,* 28 Ind. 34; *State* v. *Hughes,* 35 Kan. 626, 57 Am. Rep. 195, 12 Pac. 28.

See, also, *State* v. *Hughes,* 58 Iowa, 165, 11 N. W. 706; *Commonwealth* v. *McGrath,* 140 Mass. 296, 6 N. E.

515. Vermont (*State* v. *La Bore,* 26 Vt. 765) and Kentucky (*Davis* v. *Commonwealth,* 13 Bush [Ky.], 318) and a few other states hold adversely.

We prefer to hold with California that the time and place of the first marriage need not be stated in the information charging bigamy under paragraph 275, Penal Code of Arizona of 1913.

The further objection to the information urged is that the information fails to allege that the person who performed the second marriage was legally authorized to perform the marriage. This is an objection to a detail included in the act of marriage. The allegation in the information is in the words of the statute as nearly as the use of proper language permits. The statute is (paragraph 275), "Every person having a husband or wife living, who marries any other person," and the information charges that the accused "did then and there knowingly, unlawfully, and feloniously marry one Maria Earl," etc. This is the allegation of the ultimate fact of a marriage, as to which, if the former wife of the accused was not then in existence, such second marriage would have been a legal marriage. The fact that the accused had a wife then living, and such fact appearing in the information, shows on its face, to the court and to the accused, that the crime is charged against the accused.

Under the well-recognized rules of pleading, the prosecution sufficiently charges the offense whenever the information follows the statute defining the crime. prosecuted. The information need not set forth the facts giving authority to the person who performs the second marriage, but the prosecution must prove the details of a marriage, including *prima facie* the authority of the person officiating. Cases that support this view are *Hayes* v. *People,* 25 N. Y. 390, 82 Am. Dec. 364, and *State* v. *Abbey,* 29 Vt. 60, 67 Am. Dec. 754. The information was not subject to the objection

urged by the appellant, and it appears to be sufficient in all other respects.

The appellant assigns as error the introduction in evidence of the document purporting to be a record of the first marriage of the accused with his alleged living first wife, Beatrix L. de Ford. The document purports to be a record of the marriage of Mr. Francisco Willington Ford and Miss Beatrix Loya by Wenceslao Briceno, judge of the civil state of Mexico, celebrated on the eighteenth day of June, 1910, after notice and before witnesses named. A copy of such record is certified on the eighteenth day of September, 1919, at the city of Mexico by Enrique Torres, the chief judge of the department of deceased and archives, with seal attached. The Governor of the federal district on September 19, 1919, certifies that the signature attached is the signature of the chief judge of that district. The Governor's signature is certified as the signature of an officer of the foreign affairs department of the republic of Mexico, and in turn this official's signature is authenticated by the certificate of Thomas McEnelly, vice-consul of the United States of America at Mexico, Mexico, with the seal.

This document, including the various certificates, was admitted in evidence as Exhibit "B," over the objections of the defendant. The appellant assigns the admission of this evidence as error, for the reasons, viz., the facts do not appear that the laws of Mexico require that such a record be kept, nor that the officer certifying to the record is the officer legally charged with the custody of the record. The last objection is repeated in different terms. The record, if authenticated to the satisfaction of the trial court, may be received in evidence for whatever it may be worth as a circumstance, notwithstanding the defects mentioned. The objection urged against the admissibility of the evidence is addressed, of course, to the trial judge, and we think he properly ruled, admitting

the document in evidence so authenticated. The "best evidence" rule was not insisted upon as an objection excluding the record. The state offered evidence of eye-witnesses to the effect that a marriage was celebrated between said parties at Mexico City, Mexico, by a person, apparently an officer, at the date and in the presence of the witnesses mentioned in the record. They identify the accused and the witness Beatrix L. de Ford as the parties then and there married in form; that the accused introduced the witness as his wife a number of times; that witness and the accused came to Bisbee and lived there a short time as husband and wife; that they went to San Francisco, California, for a time and returned to Bisbee where they lived as married people for about nine months. Such facts are admissible in the case by statute (paragraph 1762, Civ. Code Ariz. 1913). See, also, *Parker* v. *State,* 77 Ala. 47, 54 Am. Rep. 43; *Miles* v. *United States,* 103 U. S. 304, 26 L. Ed. 481 (see also, Rose's U. S. Notes); *State* v. *Abbey,* 29 Vt. 60, 67 Am. Dec. 754; *Commonwealth* v. *Jackson,* 11 Bush (Ky.), 679, 21 Am. Rep. 225. The authorities are not uniform on this question, but the cases cited are with the great weight of the authorities on the subject, and we think they state the better rule in the absence of the statute supra.

The evidence, other than the record of the marriage in Mexico, is sufficient under the authorities to support a verdict and judgment that a marriage in fact existed between the accused and Beatrix L. de Ford at the time the second marriage of the accused with Maria Earl took place; hence the admission of the said marriage record of a foreign country in evidence could not prejudice the accused, and would not justify the reversal of the case.

The appellant complains that the court assumed in the instructions that at the time of the second marriage ceremony appellant had a wife living, and that defendant had committed bigamy, and that the jury

were called upon to decide only whether or not appellant intended to commit the crime of bigamy. The words used in the instruction of which appellant complains are as follows:

"So in this case it is necessary for the state to prove that Francisco Fourde, *alias* Frank Ford, did intend to marry a second time when he had another wife living, but the state does not have to prove, and probably could not, that the defendant intended to commit bigamy."

This language is used in connection with the explanation by the court of the meaning in law of the word "intent" wherever that word is used in the following expression, viz.: "Every crime there must be an act and intent." Certainly the instruction set forth in appellant's brief containing the words quoted does not bear out the assertion in the assignment of error No. 5, to wit:

"Assuming that at the time appellant and witness Maria Earl went through the second ceremony, that appellant had a wife living, and . . . that appellant had committed bigamy, and that the jury were to decide only whether or not appellant intended to commit it."

We have examined the questions raised by the appellant and all such questions as are presented by the record before us, and therefrom we find no reversible error.

The judgment is affirmed.

BAKER, J.—I concur in the main opinion affirming the judgment, but I think that the holding that admitting in evidence the record of the marriage in Mexico was not prejudicial, because the other evidence was sufficient to support the verdict, is couched in language too general, and should be qualified or explained. It may be prejudicial error to admit incompetent testimony, although other evidence in the case

establishes the guilt of the defendant. *Elmer* v. *State,* 20 Ariz. 170, 2 A. L. R. 1519, 178 Pac. 28. But in this case the defendant did not deny or question the other evidence in the case establishing his guilt, although he took the stand in his own behalf; hence it was not prejudicial error to admit the certificate of the Mexican marriage, conceding that it was incompetent testimony.

ROSS, J., concurs.