532

RODOLFO DÁVILA ET AL., Petitioners, *v.* DISTRICT COURT OF
MAYAGÜEZ, Respondent.

No. 52.   Argued March 9, 1931.—Decided May 27, 1932.

*Oscar Souffront, E. Báez García, José Carbia Miranda,* and *José Sa-
bater* for petitioners.   *R. A. Gómez, Fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the Court.

The petitioners were charged with a violation of an act
to protect trade and commerce against unlawful restraints
and monopolies, passed by the Insular Legislature on March
14, 1907 (Session Laws, p. 328), in effect because the whole-
sale vendors of gasoline in Mayagüez, defendants in this case,
entered into a combination whereby they agreed upon a fixed
price for the sale of such gasoline and refused to sell at the
current price and likewise refused to sell to anyone unless
he paid the price fixed by one of them and agreed to by the
others or by all of them, and did other acts tending to avoid
competition.   A demurrer was presented to the District

Court of Mayagüez, which was overruled. Various matters were discussed in the court below which are not made the object of the petition in this case and, therefore, we find it unnecessary to consider them.

The petitioners have presented an application for a writ of prohibition in this Court on the ground that the District Court of Mayagüez was without jurisdiction to hear and determine the case inasmuch as the subject matter of monopolies and restraints of trade was already covered by Federal statutes on the subject, namely, the so-called Sherman Act of 1890, 26 Stat. at L. 209, and the Clayton Act, 38 Stat. at L. 730. The provisions of the Sherman Act alleged to be applicable, read as follows:

"Sec. 2.—Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several states, or with foreign nations, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by fine not exceeding five thousand dollars, or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court.

"Sec. 3.—Every contract, combination in form of trust or otherwise, or conspiracy, in restraint of trade or commerce in any Territory of the United States or of the District of Columbia, or in restraint of trade or commerce between any such Territory and another, or between any such Territory or Territories and any State or States or the District of Columbia, or with foreign nations, or between the District of Columbia and any State or States or foreign nations, is hereby declared illegal. Every person who shall make any such contract or engage in any such combination or conspiracy, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by fine not exceeding five thousand dollars, or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court."

There was some question as to whether a writ of prohibition would lie in the case but we have no doubt that, if the District Court of Mayagüez was in fact without jurisdiction, the writ would lie.

The petitioners rely on the case of *The People* v. *Galanes et al.,* 15 P.R.R. 365, where we said:

"There is another thing to be noted in passing, and that is, that the Federal Antitrust Law of July 2, 1890, U.S. Statutes at Large, vol. 27, p. 209, of 1890, applies to the territories. Under section three therein contracts in restraint of trade are forbidden in the District of Columbia and the territories; but that law says nothing with respect to monopolies. We think that the Federal law would control as far as it went, and hence that the court did not have jurisdiction to entertain an information with respect to contracts in restraint of trade, in other words that the part of the Law of March, 1907, which attempts to restrict contracts in restraint of trade, is against the Organic Act inasmuch as the act provides for the application here of all laws of the United States which are not locally inapplicable. (Section 14 of the Organic Act.) To this effect is the decision in the case of *Territory* v. *Alexander,* 89 Pac., 514."

At the time of that decision this Court had some idea that Puerto Rico, although not an incorporated territory, was to be regarded as a territory of the United States, to which general statutes might be applicable. After the decisions of the Supreme Court of the United States in *People of Puerto Rico* v. *Muratti,* 245 U. S. 639, and *Balzac* v. *People of Porto Rico,* 258 U. S. 298, we think that it is settled law that Puerto Rico, although organized is not an incorporated territory.

In each of the organic acts the following appears:

"That the statutory laws of the United States not locally inapplicable, except as hereinbefore or hereinafter otherwise provided, shall have the same force and effect in Porto Rico as in the United States, except the internal-revenue laws . . . . ." Section 14 of the Foraker Act; section 9 of the Jones Act.

Under the foregoing decisions of the United States Supreme Court a general law of the United States applicable to "territories" would not include an unincorporated territory like Puerto Rico unless Congress indicated such an intention. *González* v. *People of Porto Rico,* 51 F. (2d) 61, also seems to be applicable.

We agree with the court below that the Sherman Act is not applicable to Puerto Rico by its terms. We find nothing in its provisions to show that Congress intended to cover a crime committed in Puerto Rico.

The court below also drew attention to the fact that in almost every Federal law intended by Congress to apply to Puerto Rico, the words "Porto Rico" or "insular possessions" or some other term was used. The court cited the following acts: Act of February 12, 1915 (Laws of Puerto Rico of 1930, page 104; Act of March 4, 1915 (Laws of 1930, page 106); Act of August 10, 1917 (Laws of 1917, vol. II, page 70); Act of October 6, 1913 (Laws of 1917, vol. II, page 160); Act of May 4, 1916 (Laws of 1917, vol II, page 68); Act of March 4, 1929 (Laws of 1930, page 118); Act of February 27, 1921 (Laws of 1930, page 106); Act of October 28, 1919 (Laws of 1923, page 96); Act of September 21, 1922 (Laws of 1930, page 108); Act of January 28, 1915 (Laws of 1930, page 100).

With respect to the Clayton Act it is sufficient to say that the offenses covered by it were not, and so the court below held, sought to be reached by the information in this case.

Under our several organic acts, the first named as the Foraker Act and the second as the Jones Act, the Legislature of Puerto Rico is given the same general powers that any legislature of the United States could have and, therefore, the Legislature of Puerto Rico has the right to pass a law against monopolies and restraints of trade similarly as the Congress of the United States or the legislature of any state might, unless perhaps a Federal statute distinctly covered the field.

We say "perhaps" because we are not thoroughly satisfied that the Federal law and the local law might not coexist and a person might not be prosecuted for an offense against the local laws as well as against the Federal law. In other words, we have now some doubts whether the Sherman or Clayton acts, if properly expressed as extending to Puerto

Rico, would inhibit the Legislature from passing a similar law.

The writ of prohibition will be annulled.

Mr. Justice Córdova Dávila took no part in the decision of this case.