APPLICATION FOR REHEARING
Nos. 3295, 3300, 3301, 3302.
Decided April 7th, 1942.
BY TPIE COURT:
The above entitled cause is now being determined on three propositions (1) Application for rehearing, (2) Motion for new trial, (31 Request for separate finding of facts and conclusions of law.
We will take these up in order.
First, the application for rehearing presents nothing but what was considered in the original opinion and therefore the same will be overruled.
The motion for new trial presents three separately stated and numbered grounds as follows:
“(1) The findings, decision and decree are not sustained by any evidence, are contrary to the weight of the evidence and are contrary to law.
(2) For several errors of law occurring at the trial prejudicial to the rights of the plaintiff-appellee and to which objections were made by plaintiff-appellee at the time.
(3) For other errors manifest from the face of the record.”
We find nothing new in the motion for new trial and we assume that it is presented as a requisite procedural step for further review in the Supreme Court.
The motion for new trial is overruled.
The application to separately state the findings of fact and conclusions of law was presented in time and the provisions of the rules of our Court relative thereto complied with.
Counsel for appellees in compliance with such rule have presented to us a suggested finding of fact and determination of law and prior thereto submitted same to opposite counsel.
Counsel for appellant present their objections to the suggested findings and also for the consideration of the Court submitted a draft of what they consider the Court’s findings should be.
The draft tendered by counsel for appellees in many particulars does not conform to the opinion of the Court and consequently we can not adopt same.
We find that the draft submitted by counsel for appellants does conform to our opinion and therefore the same is adopted in its entirety.
The following are our findings:
1. That Maurice P. Murnan died on or about May 12, 1937, intestate and seized of the seventeen parcels or tracts of real property described in plaintiff’s petition, to which reference is made.
2. That said Maurice P. Murnan died intestate leaving his widow, Grace Murnan, surviving him.
*156 3. That the personal property in the estate of Maurice P. Murnan is sufficient to pay all debts and claims against said estate.
4. That the nearest blood relations, but not next of kin, of the said Maurice P. Murnan are the persons named as such in plaintiff’s petition, to which reference is made, except that Clara Collins named therein has since died, leaving as her only next of kin the defendants, Margaret Foriaan and Mary Martin; and that the correct name of the defendant, Margaret Fornan, is Margaret M. Catcher.
5. That on March 17, 1922, said Maurice P. Murnan by deed then delivered conveyed to Grace Daugherty (Backenstoe) Murnan the real estate described in the cross-petition of Mary Meyer herein, to which qross-petition reference is made.
6. That as the surviving spouse and sole heir of said Maurice P. Murnan, the said Grace D. Murnan acquired under the statute of descent and distribution the -title in fee simple to the seventeen parcels of land described in the petition herein, and of which she had possession from the date of his death on May 12, 1937, to the date of her death on November 16, 1939.
' 7. That after the death of said Grace D. Murnan, Raymond W. Kilbourne was duly appointed and qualified as the Executor of her estate, and filed his answer therein to the cross-petition of Mary Meyer.
8. That since the death of said Grace D. Murnan, said Raymond W. Kilbourne, first as Executor of the estate of said Grace D. Murnan and later as Receiver duly appointed by the Common Pleas Court in this cause, has had the possession of the seventeen parcels of real estate described in the petition herein and collected the rents and profits therefrom until deprived of the possession thereof by the final decree and judgment of the Common Pleas Court in this cause, from which decree and judgment the several appeals herein were perfected to this Court.
The following are findings in relation to the marriage between Maurice P. Murnan and Grace (Daugherty) Backenstoe Murnan:
9. That on and prior to July 15, 1915, said Maurice P. Murnan was a single man, his former wife having died in February 1913, and Grace Daugherty (Murnan) was a single woman, having divorced from her former husband, George Backenstoe, in November of 1912.
10. That in 1912, Grace Daugherty Backenstoe was the wife of George Backenstoe, and in August of said year filed an action against him for divorce in the Insolvency Court of Cuyahoga County, Ohio, wherein service was had against the defendant, George Backenstoe, by publication, an affidavit for publication now in the files having been executed by her attorney as Notary; and thereafter the cause was heard by Judge Addams of said Insolvency Court and a judgment and decree entered by him, finding service by publication upon the defendant, jurisdiction of the parties and subject matter, and that the plaintiff should be and was thereby divorced from the defendant, George Backenstoe, and restored to her maiden name of Grace Daugherty.
11. That thereafter no direct attack was made upon said decree, and no indirect attack, except in the evidence, but not by the pleadings, of this case after it was brought into this Court; and said divorce is therefore valid and binding and the said Grace Daugherty was a single woman thereafter, *157 until married to Maurice P. Murnan.
12. That the laws of Arizona in force and effect in 1915 were as follows:
“Section 3830. All regularly licensed or ordained clergymen, judges of courts of record and all justices of the peace of the several counties are authorized to solemnize the rites of matrimony between all persons legally authorized to marry.”
“Section 3833. No persons shall be joined in marriage within this state until a license shall have been obtained for that purpose from the clerk of the Supreme Court of the County in which one of the parties reside, or in which the marriage is to take place.”
“Section 3834. Any person desirous of marrying shall apply to the Clerk of the Superior Court and shall receive from him - a license directed to the persons authorized by law to solemnize the rites of matrimony which shall be sufficient authority for any one of such persons to solemnize such marriage.”
“Section 3836. The Clerk of the ■Superior Court shall record all licenses issued by him as provided in this chapter in a well bound book kept for that purpose, and it shall also be the duty of the persons solemnizing the rites of matrimony to endorse the same on the license and make return of the .same to the office of the Clerk of the Superior Court within twenty days after the solemnization as aforesaid, which return shall also be recorded in a well bound book kept by the clerk of the Superior Court for that purpose.”
“Section 3842. Every marriage ceremony must be performed in the presence of the officiating clergyman, judge or justice of the peace and at least two witnesses of lawful age, and a certificate evidence of such marriage must be signed by at least two such witnesses.”
“Section 3844. The common law rule that a marriage may be contracted by agreement of the parties without marriage ceremony is hereby abrogated and no marriage contracted within this state shall! be valid unless a license be issued as provided in this chapter, and a marriage solemnized by one of the persons authorized by law or by some one purporting to act in the capacity of a clergyman, judge or justice and believed in good faith, by at least one of the parties, to be such.”
“Section 1762. 'When the fact of marriage is required or offered to be proved before any Court, evidence of the admission of such fact by the parties against whom the proceeding is instituted, or of general repute, or of cohabitation as married persons, or any other circumstantial or presumptive evidence from which the fact may be inferred, shall be competent.”
Said Section 1762 of the Revised Statute of 1913 appears in substantially the same form in Section 23-316 of the Arizona Code of 1939, which was compiled with annotations under the supervision of the members of the Supreme Court of Arizona, as follows:
“Section 23-316. Marriage Certificate — Oral Proof of Marriage— * * * When the marriage is to be proved, evidence of the admission of such fact by the adverse party or of general repute, or of cohabitation as married persons, or any other evidence from which the fact may be inferred, shall be competent.” „..
*158 Notes to Decision
“Common Law Rule. Statute is simply declaratory of the rule of evidence at common law. In re Terry’s Estate, 58 Min. 268, 59 N. W. 1013.
“Marriage. In prosecution for bigamy, evidence is admissible to prove the first marriage by witnesses that the marriage was performed in a foreign country by one, apparently an officer, and that the parties lived together in various places as husband and wife. Ford v State, 21 Ariz. 567, 192 Pac. 1117.”
13. That on or about July 15, 1915, a marriage license was duly issued to said Maurice P. Murnan and Grace Daugherty (Backenstoe) by the Clerk of the Superior Court of Coconino County at Flagstaff, and the marriage contract was entered into by said parties and the marriage -solemnized by the Justice of the Peace in and for said county at Flagstaff, Arizona.
14. That there is now no record of said marriage in the office of the Clerk of the Superior Court of said Coconino County, but the absence of said record may be accounted for by the failure of the Justice or the parties to return the license with the certificate of the solemnization of the marriage to the said Clerk of Courts, or the failure of the Clerk to make a record thereof, upon the return of said license.
15. That the fact of said ceremonial marriage is corroborated from the date thereof by repeated statements and admissions of the said Maurice P. Murnan, as well as of said Grace D. Murnan, as to said marriage in Arizona to close friends and associates, by their conduct and constant association together, and by the reputation of the marriage among their friends and associates following July 1915; and after August 1919, when they purchased and went to live at Graceland, the large show place on North High Street, by their general reputation as man and wife, their constant declarations of their marriage, their deeds and conveyances as man and wife, their recognition of mutual interest in each other’s property and by all their conduct until the death of Maurice P. Murnan on May 12, 1937.
16. That the express desire of said parties to avoid any public declaration of their marriage and the giving of deeds in their single names from July 1915 until her house of ill fame was closed in August 1917 and while they lived at said house until August 1919, was for the well authenticated reason that the association of her house in the public mind with his name would affect the taxicab business in which he was engaged.
17. That said Grace D. Murnan remained the wife of said Maurice P. Murnan until his death intestate on May 12, 1937, and as his-surviving spouse was- his sole heir to the seventeen parcels of the land described in the petition herein, of which she had possession until her death on November 16, 1939.
18. That the plaintiff and the other distant blood relations of said Maurice P. Murnan, as set forth in plaintiff’s petition, are not the heirs of said Maurice P. Murnan and have no interest in the said seventeen parcels of real estate described in said petition, and are not entitled to the decree of partition as prayed for in said petition.
GEIGER, PJ. & BARNES, J. concur.
New trial should be granted and findings of fact made to conform to dissent. HORNBECK, J. ,